IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHARLIE B. BUSH JR., | ) | 4:16CV3136 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| MAPES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Charlie B. Bush, Jr. ("Plaintiff"), filed his Complaint on August 17, 2016, against his former employer, Mapes Inc. ("Defendant"). He was granted leave to proceed in forma pauperis on August 22, 2016. The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff, a black male, brings this action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Nebraska Fair Employment Practice Act ("NFEPA"), Neb. Rev. Stat. § 48-1101 *et seq*. Liberally construed, his Complaint asserts claims for a hostile work environment based on race and sex, disparate treatment based on race, and retaliation.

Plaintiff alleges Defendant's other employees "compared me to monkeys, shunned me, harassed me about my looks, failed to ever help me as they did others, and treated me with disrespect at all times" (Filing No. 1, at CM/ECF p. 2). After allegedly being told by one of Defendant's owners, John Mapes, that he could take aluminum and other things he found in the trash home with him, Plaintiff received a one-day suspension from a supervisor, Rick Morton, who accused him of stealing.

Plaintiff alleges "non-black employees take things home and are not disciplined" (Filing No. 1, at CM/ECF p. 2). Plaintiff claims the "worst harassers were Josh and TJ," who cut the electrical cord on his radio, and that when Plaintiff complained to Morton and stated he was being racially harassed, Morton terminated him (Filing No. 1, at CM/ECF p. 2). Morton allegedly told Plaintiff he could have his job back if Plaintiff "gave him a blowjob," but then relented after Plaintiff threatened to file charges with the NEOC (Filing No. 1, at CM/ECF p. 2). Plaintiff alleges he was also sexually harassed by other employees, who "made remarks about my privates, and asked for oral sex, and [came] up behind me and simulate[d] having sex with me." (Filing No. 1, at CM/ECF p. 3). Plaintiff says he "complained about this to Mapes and Morton but no action was taken" (Filing No. 1, at CM/ECF p. 3). Finally, Plaintiff alleges that despite satisfactory job performance, he was terminated on July 9, 2015, when Morton accused him of "threatening someone but would not say who or anything else about the matter" (Filing No. 1, at CM/ECF p. 3).

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

A plaintiff need not plead facts sufficient to establish a prima facie case of employment discrimination in his complaint. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511-512 (2002) (holding a complaint in employment discrimination lawsuit need not contain "facts establishing a prima facie case," but must contain sufficient facts to state a claim to relief that is plausible on its face), *abrogated in part on other grounds by Twombly*, 550 U.S. at 570. However, the elements of a prima facie case are relevant to a plausibility determination. *See Rodriguez-Reyes v. Molina-Rodriguez*, 711 F.3d 49, 54 (1st Cir. 2013) (stating elements of a prima facie case are "part of the background against which a plausibility determination should be made" and "may be used as a prism to shed light upon the plausibility of the claim"); *see also Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) ("While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim.").

### III. DISCUSSION OF CLAIMS

*A. Exhaustion of Administrative Remedies*

Attached to the Complaint is a "right to sue" letter that was issued by the Nebraska Equal Opportunity Commission ("NEOC") on May 31, 2016, but the Charge of Discrimination Plaintiff filed with the NEOC is not attached. Without that

document, it is impossible to determine whether Plaintiff's claims in this court "grow out of or [are] like or reasonably related to the substance of the allegations in the administrative charge." *Dorsey v. Pinnacle Automation Co.*, 278 F.3d 830, 838 (8th Cir. 2002) (internal quotation and citation omitted).

Such a determination is necessary because "[a]llowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumscribe the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, as surely as would an initial failure to file a timely EEOC charge." *Dorsey*, 278 F.3d at 838 (internal quotation and citation omitted). Therefore, "[t]he breadth of the civil suit is ... as broad as the scope of any investigation that reasonably could have been expected to result from the initial charge of discrimination." *Id.* (internal quotation and citation omitted).

The court will allow Plaintiff to file an Amended Complaint, attaching the Charge of Discrimination he filed with the NEOC, so the court can determine if Plaintiff has exhausted his administrative remedies. Meanwhile, the court will briefly analyze each of the claims alleged in this lawsuit.[1]

### B. Hostile Work Environment

To prove a claim for hostile work environment based on race, Plaintiff must establish that "(1) he is a member of a protected group; (2) he was subject to unwelcome race-based harassment; (3) the harassment was because of membership in the protected group; and (4) the harassment affected a term, condition, or privilege of employment." *Malone v. Ameren UE*, 646 F.3d 512, 517 (8th Cir. 2011). This

---

[1] Because NFEPA is patterned after Title VII, *see Father Flanagan's Boys' Home v. Agnew*, 590 N.W.2d 688, 693 (Neb. 1999), the court will not separately analyze the state-law claims.

demanding standard requires extreme conduct rather than merely rude or unpleasant conduct. *Rester v. Stephens Media, LLC*, 739 F.3d 1127, 1131 (8th Cir. 2014).

"Conduct of others in a workplace 'affects a term, condition, or privilege of employment' under Title VII only if it is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Malone*, 646 F.3d at 517 (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)). The court considers the conduct "as it would be viewed objectively by a reasonable person and as it was actually viewed subjectively by the victim." *Id.* (quoting *Singletary v. Missouri Dep't of Corr.*, 423 F.3d 886, 892 (8th Cir. 2005)). "All of the circumstances are relevant, including 'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Id.* (quoting *Harris*, 510 U.S. at 23).

The facts alleged by Plaintiff are not sufficient to state a plausible race-based hostile work environment claim. Even if co-workers made demeaning comments and were unfriendly toward Plaintiff because of his race, it has not been shown that their actions affected a term, condition, or privilege of Plaintiff's employment. *See Burkett v. Glickman*, 327 F.3d 658, 662 (8th Cir. 2003) ("Offhand comments and isolated incidents of offensive conduct (unless extremely serious) do not constitute a hostile work environment."). Additional facts will need to be alleged in an Amended Complaint to support this claim.

Regarding Plaintiff's claim of sexual harassment, he must prove that the alleged harassment was "based on sex." *Pedroza v. Cintas Corp. No. 2*, 397 F.3d 1063, 1068 (8th Cir. 2005). The based-on-sex requirement forces a plaintiff to prove that he or she was the target of harassment because of his or her sex, and that the offensive behavior was not merely "non-actionable, vulgar behavior." *Id.* "This distinction exists because 'Title VII does not prohibit all verbal or physical harassment in the workplace' and

is not 'a general civility code for the American workplace.'" *Id.* (quoting *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998)).

In *Oncale*, the Supreme Court set forth a non-exhaustive list that included three possible evidentiary routes same-sex harassment plaintiffs may follow to show that harassment was based on sex:

> First, a plaintiff can show that the conduct was motivated by sexual desire. Second, a plaintiff can show that the harasser was motivated by a general hostility to the presence of the same gender in the workplace. And third, a plaintiff may offer direct comparative evidence about how the harasser treated both males and females in a mixed-sex workplace.

*Id.* (quoting *McCowan v. St. John's Health Sys., Inc.*, 349 F.3d 540, 543 (8th Cir. 2003)).

Only the first method of proof would seem applicable in this case, but it cannot be determined from the facts alleged that sexual desire motivated the alleged misconduct by Plaintiff's supervisor and co-workers. *See id.* at 1069-70 (citing same-sex harassment cases which distinguish between "vulgar and boorish" behavior and conduct involving homosexual desire). Again, additional facts will need to be alleged by Plaintiff in an Amended Complaint for this claim to be heard.

### C. Disparate Treatment

Under Title VII, it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). To state a prima facie claim of race discrimination, Plaintiff must allege facts showing that (1) he is a member of a protected class; (2) he met his employer's legitimate expectations; (3) he suffered an adverse employment action; and (4) the

circumstances give rise to an inference of discrimination. *Pye v. Nu Aire, Inc.*, 641 F.3d 1011, 1019 (8th Cir. 2011). "The required prima facie showing is a flexible evidentiary standard, and a plaintiff can satisfy the fourth part of the prima facie case in a variety of ways, such as by showing more-favorable treatment of similarly-situated employees who are not in the protected class, or biased comments by a decisionmaker." *Id.* (internal quotations and citations omitted).

Plaintiff has alleged a plausible disparate treatment claim with respect to his one-day suspension, as he asserts that non-black employees were not disciplined for taking waste materials home with them. Concerning his termination, however, it is merely alleged that Plaintiff was accused of threatening someone. Without additional facts to suggest that Plaintiff was fired because of his race, this claim fails.

### D. Retaliation

Title VII prohibits retaliation against an employee "because he has opposed any practice made an unlawful employment practice by [Title VII], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e-3(a). To establish a prima facie case of retaliation under Title VII, an employee must show: "(1) he engaged in protected conduct; (2) a reasonable employee would have found the retaliatory action materially adverse; and (3) the materially adverse action was causally linked to the protected conduct." *Gibson v. Geithner*, 776 F.3d 536, 540 (8th Cir. 2015).

While Plaintiff alleges he was terminated by Morton after complaining about race-based harassment, the termination was retracted when Plaintiff threatened to file a charge of discrimination with the NEOC. Thus, there was no materially adverse action taken against Plaintiff. No does it appear from the facts alleged that Plaintiff's subsequent termination on July 9, 2015, in was in retaliation for him complaining about either racial or sexual harassment.

## IV. CONCLUSION

Plaintiff has alleged a plausible disparate treatment claim with respect to his one-day suspension, but before the action may proceed Plaintiff must file an Amended Complaint to show that such claim was included in the Charge of Discrimination that he filed with the NEOC. Other claims alleged in the Complaint are not plausible, but if Plaintiff has additional facts to support such claims, they may also be set out in the Amended Complaint.

Accordingly,

IT IS ORDERED:

1. Plaintiffs will have 30 days in which to file an Amended Complaint that states a claim upon which relief can be granted.

2. Failure to file an Amended Complaint in accordance with this Memorandum and Order will result in dismissal of this action without further notice.

3. The clerk's office is directed to set a pro se case management deadline using the following text: October 12, 2016: check for amended complaint.

DATED this 12th day of September, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge